**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

HOSKINS ALLOYS, L.L.C.
d/b/a CONCEPT ALLOYS,

       Plaintiff,

                                          CASE NO. 06-13228
v.                                    HON. LAWRENCE P. ZATKOFF

DAVID UREVICH,

       Defendant.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

## I.  INTRODUCTION

This matter is before the Court on Defendant's motion to dismiss for lack of personal jurisdiction and for improper venue, or, in the alternative, to transfer, filed on August 18, 2006. Plaintiff has filed a response to the motion.  Defendant has asked leave to file a seven page reply brief, as Plaintiff raised new grounds for jurisdiction in its response.  The Court will accept the seven page reply brief.  Regarding Defendant's motion to dismiss, the Court finds that the facts and legal arguments are adequately presented in the parties' pleadings and affidavits and the decision process would not be significantly aided by oral argument.  Therefore, pursuant to E.D. MICH. LR 7.1(e)(2), it is hereby ORDERED that the motion be resolved on the briefs submitted.  For the reasons set forth below, Defendant's motion to dismiss, or, in the alternative, to transfer, is DENIED.

## II. BACKGROUND

Defendant is the co-inventor of a technology called nanopowder.[1]  In 2000, Defendant worked for a Pennsylvania company, Advanced Surface Coatings ("ASC").  In January 2000, Defendant came to Michigan to meet with the Armada Corporation.  The meeting regarded the possibility of Armada participating with ASC in the development of nanopowder.  In April 2000, Defendant came to Michigan to discuss the patenting of nanopowder with Armada.  In August 2000, Defendant came to Michigan to complete the patent application.

On September 10, 2001, Defendant entered into an employment agreement with Arcos Alloys, a Pennsylvania subsidiary of Armada.  That same day, Defendant assigned three nanopowder patent applications to Armada.  The assignments all contain the following language:

> I, David John Urevich . . . do hereby assign, sell and set over to Armada Corporation, a corporation organized and existing under the laws of the State of Michigan, and having a place of business at 39500 Highpoint Boulevard, Suite 300, Novi, Michigan 48375 . . . a Quitclaim to the entire right, title and interest . . . in and to the inventions and discoveries . . . .

Plaintiff's Exh. 6.

At some point prior to 2005 (the parties do not specify the dates), Defendant ceased working for Arcos Alloy, and Armada assigned its rights in nanopowder to Plaintiff, a Michigan company.  In the spring of 2005 Defendant called Plaintiff in Michigan regarding nanopowder.  Defendant attempted to obtain an exclusive license to use nanopowder from Plaintiff.  The negotiations were unsuccessful, and Plaintiff asked that Defendant turn over materials relating to nanopowder, as he was allegedly required to do per his agreements with Armada.  Plaintiff alleges that Defendant has failed to turn over the materials.

---

[1]The parties do not specify precisely what nanopowder is, or how it is used.

2

## III.  LEGAL STANDARD

Defendants brought this Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(2). It is well settled that the plaintiff bears the burden of establishing that personal jurisdiction exists in this Court. *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936).

Once a defendant has filed its properly supported motion for dismissal, the plaintiff "may not stand on . . . [its] pleadings, but must, by affidavit or otherwise, set forth specific facts showing that the court has [personal] jurisdiction [over defendant]." *Theunissen*, 935 F.2d at 1458.  When deciding a 12(b)(2) motion, the Court must not weigh the evidence, and the pleadings and affidavits "are received in a light most favorable to the plaintiff." *Id.* at 1459.  When the motion is decided on the pleadings and affidavits, "the plaintiff must make only a prima facie showing that personal jurisdiction exists in order to defeat dismissal." *Id.* at 1458.

## IV.  ANALYSIS

### A.  Personal Jurisdiction

Under Rule 4(e) of the Federal Rules of Civil Procedure, the Court must look to the Michigan long-arm statute, M.C.L.A. § 600.715, to determine whether personal jurisdiction exists in the case at bar.  M.C.L.A. § 600.715 provides that:

> The existence of any of the following relationships between an individual or his agent and the State shall constitute a sufficient basis of jurisdiction to enable a Court of record of this State to exercise limited personal jurisdiction over the individual and to enable the Court to render personal judgments against the individual or his representative arising out of an act which creates any of the following relationships:
>
> (1) The transaction of any business within the state.

3

(2) The doing or causing any act to be done, or consequences to occur, in the state resulting in an action for tort.

(3) The ownership, use, or possession of any real or tangible personal property situated within the state.

(4) Contracting to insure any person, property, or risk located within this state at the time of contracting.

(5) Entering into a contract for services to be performed or for materials to be furnished in the state by the defendant.

In *Sifers v. Horn*, 385 Mich. 195 (1971), the Michigan Supreme Court stated that the word "any" which is found in M.C.L.A. § 600.715(a) "means just what it says. It includes 'each' and 'every' . . . . It comprehends the 'slightest'" contact. *Id*. at 199 n.2. *See also Lanier v. American Bd. Of Endodontics*, 843 F.2d 901, 905-906 (6th Cir. 1988). However, state long-arm statutes are still subject to the constitutional restraints of due process. *Theunissen*, 935 F.2d at 1459 (citation omitted). A defect in the due process considerations "would foreclose the exercise of personal jurisdiction even where a properly construed provision of the long-arm statute would permit it." *Id.*

Plaintiff originally asserted that Defendant was subject to personal jurisdiction in Michigan pursuant to an employment agreement containing a forum selection clause. However, Defendant claims that he never signed that particular agreement. Plaintiff now claims personal jurisdiction is appropriate based on Defendant's contacts with Michigan. Plaintiff points to Defendant's meetings in 2000 with Armada and patent attorneys in Michigan, Defendant's assignment of his interest in the nanopowder patents to Armada in 2001, and Defendant's telephone conversations with Plaintiff regarding the licensing of nanopowder in 2005.

In response, Defendant argues that he did not transact business in Michigan, and thus is not subject to the long-arm statute. Defendant argues that he met with Armada and the patent attorneys

4

in Michigan on behalf of his employer, ASC.  Defendant also argues that he assigned the nanopowder to a Pennsylvania company, and not directly to Armada.  Defendant further argues that any contacts he may have had with Michigan related to the nanopowder patents, and the instant case is not a patent case, but a breach of contract case.  Thus, Defendant argues that his contacts with Michigan are insufficient to support the assertion of personal jurisdiction.

The Court finds Defendant's arguments unpersuasive.  While Defendant initially met with Armada in Michigan as a representative of ASC, at some point he began negotiating with Armada on his own behalf.  This is shown by the fact that he began working for an Armada subsidiary in 2001, and assigned his interest in the nanopowder patents to Armada.  The assignment was made by Defendant personally, and not on behalf of ASC.

Furthermore, Defendant is incorrect in his assertion that he did not assign the patents directly to Armada, but rather to Arcos Alloys, a Pennsylvania company.  The assignments are on Arcos Alloys stationary, but the language of the assignments refers to Armada, not Arcos Alloys.  As noted above, the language of the assignments specifically states that Defendant is assigning his interest in the patents to Armada, a Michigan corporation.  Plaintiff's Exh. 6.

Finally, it is of no significance that the instant case is a breach of contract case, and not a patent case.  In *Lanier v. American Bd. of Endodontics*, 843 F.2d 901 (6th Cir. 1988), the plaintiff, a Michigan dentist, brought suit against the American Board of Endodontics, an Illinois corporation. The defendant's contacts with Michigan consisted of correspondence and phone calls with the plaintiff regarding her application for certification.  The Sixth Circuit noted personal jurisdiction over the defendant was proper if it transacted business in Michigan, and if the suit arose from the transaction.  The Sixth Circuit noted that even the slightest act of business was sufficient to

constitute the transaction of business, and held that the exchange of correspondence and telephone calls between the defendant and plaintiff constituted a transaction of business in Michigan. *Id.* at 907.

To determine if the suit arose from the defendant's transaction of business in Michigan, the Sixth Circuit applied a "made possible" test. In other words, if the cause of action was made possible by the earlier transaction of business, it arose out of the transaction, and jurisdiction was proper. *Id.* at 909.

Likewise, in the instant case Defendant transacted business in Michigan, and Plaintiff's cause of action arose out of the transaction. Defendant transacted business in Michigan by coming to Michigan to work with patent attorneys on the nanopowder patent applications, and by subsequently assigning his interest in the patents to Armada, a Michigan corporation. The instant suit was made possible, and thus arose, out of those transactions.

Defendant's argument that the instant suit is not a patent case, but a breach of contract case, is without merit. Defendant's transaction of business in Michigan included assistance with the nanopowder patent applications, and the subsequent assigning of the patents to Armada. Plaintiff's claim is that Defendant has violated his agreement with Armada to turn over materials relating to nanopowder. Plaintiff's cause of action was made possible by Defendant's transaction in Michigan. Thus, personal jurisdiction over Defendant is proper pursuant to Michigan's long-arm statute.

Personal jurisdiction is also permissible under federal due process requirements. The Sixth Circuit has established a three-part test to determine if the assertion of personal jurisdiction comports with due process:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing consequence in the forum state.

Second, the cause of action must arise from the defendant's activities there.

Finally, the acts of the defendant or consequences must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*Theunissen*, 935 F.2d at 1460.  As discussed above, Defendant purposefully availed himself of the privilege of acting in Michigan by working with Michigan patent attorneys regarding the nanopowder patent applications, assigning the patents to Armada, a Michigan corporation, and making phone calls to Michigan to discuss the possibility of obtaining an exclusive license to use nanopowder technology.  Furthermore, although the instant case is a breach of contract case, and not a patent case, the contract involves nanopowder, and thus can be said to arise from Defendant's connections to Michigan regarding nanopowder.  Finally, Defendant's acts create a substantial enough connection with Michigan to make the exercise of jurisdiction reasonable.  Defendant came to Michigan to discuss nanopowder, assigned his interest to a Michigan company, and subsequently contacted a Michigan company regarding the licensing of nanopowder.  These are substantial enough connections to make the exercise of jurisdiction reasonable.

**B.    Venue**

28 U.S.C. § 1391(a) states that:

A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

As discussed above, a substantial part of the events leading to the claim, namely Defendant's

collaboration with the patent attorneys regarding nanopowder, occurred in the Eastern District of

Michigan.  Thus, venue is appropriate in this judicial district.

**C.     Transfer**

28 U.S.C. § 1404(a) states that: "[for] the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  The party seeking the transfer bears the burden of demonstrating that a transfer is warranted.  *IFL Group v. World Wide Flight Servs.*, 306 F. Supp. 2d 709, 712 (E.D. Mich. 2004).  When deciding a motion to transfer, the Court should consider the following factors:

(1) the convenience of witnesses;

(2) the location of relevant documents and relative ease of access to sources of proof;

(3) the convenience of the parties;

(4) the locus of the operative facts;

(5) the availability of process to compel the attendance of unwilling witnesses;

(6) the relative means of the parties;

(7) the forum's familiarity with the governing law;

(8) the weight accorded the plaintiff's choice of forum; and

(9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Id.* (citations omitted).  Defendant argues that the case should be transferred to the Eastern District of Missouri.  However, as Plaintiff points out, the only connection Missouri has with the case is that Defendant currently resides there.  Defendant resided in Pennsylvania when the events giving rise to the case occurred, and Plaintiff persuasively argues that all the witnesses and evidence are located in Pennsylvania or Michigan.  Although Defendant argues that Plaintiff, a corporation, has more resources than Defendant, an individual, this factor is not dispositive, and the Court must give

8

weight to Plaintiff's choice of forum.  The Court finds that Defendant has not met his burden of demonstrating that the interests of justice warrant a transfer.

## V.  CONCLUSION

For the above reasons, Defendant's motion to dismiss, or, in the alternative, to transfer, is DENIED.

IT IS SO ORDERED.


s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated:  October 26, 2006

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on October 26, 2006.


s/Marie E. Verlinde
Case Manager
(810) 984-3290

9