**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

HOSKINS ALLOYS, L.L.C.
d/b/a CONCEPT ALLOYS,

      Plaintiff,

                                           CASE NO. 06-13228
v.                                      HON. LAWRENCE P. ZATKOFF

DAVID UREVICH,

      Defendant.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on April 6, 2007

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

## I.  INTRODUCTION

This matter is before the Court on Defendant's motion to strike, filed on February 27, 2007.

Plaintiff has filed a response to the motion, and Defendant has replied to the response.  The Court

finds that the facts and legal arguments are adequately presented in the parties' pleadings and

affidavits and the decision process would not be significantly aided by oral argument.  Therefore,

pursuant to E.D. MICH. LR 7.1(e)(2), it is hereby ORDERED that the motion be resolved on the

briefs submitted.  For the reasons set forth below, Defendant's motion to strike is DENIED.

## II.  BACKGROUND

The facts of the case were discussed at length in the Court's opinion and order denying

Defendant's motion to dismiss, and will be briefly summarized here.

Defendant is the co-inventor of a technology called nanopowder, and began working for Arcos Alloys in 2001.  Defedant assigned his nanopowder patent applications to Armada, the parent corporation of Arcos.  Armada subsequently assigned its rights in nanopowder to Plaintiff. Plaintiff claims that Defendant failed to turn over materials relating to nanopowder, as he was allegedly required to do per his agreements with Armada.  Plaintiff's complaint alleged that Defendant breached an employment agreement with the company.

The Court held a scheduling conference on January 30, 2007.  At the conference, Defendant's counsel noted that Defendant had not signed the employment agreement that was the basis of Plaintiff's complaint.  Plaintiff's counsel asked leave to filed an amended complaint, stating that no new causes of action would be filed.  The Court granted leave to file an amended complaint. Plaintiff filed an amended complaint on February 13, 2007.  The amended complaint contained a breach of contract claim based on a confidentiality and non-compete agreement signed by Plaintiff. On February 27, 2007, Defendant filed a motion to strike the amended complaint, alleging that the amended complaint contains new claims.

### III.  LEGAL STANDARD

Federal Rule of Civil Procedure 15(a) provides that "leave [to amend a complaint] shall be freely given when justice so requires."  The decision to grant leave to amend is within the discretion of the district court.  However, the Sixth Circuit has indicated that leave to amend should not normally be denied without "at least some significant showing of prejudice to the opponent." *Moore v. City of Paducah*, 790 F.2d 557, 562 (6th Cir. 1986).

### IV.  ANALYSIS

Defendant argues that Plaintiff's amended complaint exceeds the scope of permission to

amend granted by the Court at the January 30, 2007, scheduling conference. Defendant further argues that he would be significantly prejudiced by the amendment, because it changes the theory of the case.

Plaintiff argues that at the scheduling conference the Court gave leave to amend the breach of contract claim based on the fact that Defendant did not sign the employment agreement that served as the basis for the original complaint. Plaintiff argues that its representation that no new causes of action would be filed referred to additional causes of action such as patent interference, tort claims, etc. Plaintiff notes that the original complaint and the amended complaint both contain only one cause of action, breach of contract.

The Court finds that Plaintiff's amended complaint is permissible under Federal Rule of Civil Procedure 15(a). Defendant's argument that he will be significantly prejudiced by the amendment is unpersuasive. Plaintiff's basic claim, in both the original and amended complaint, is that Defendant has failed to turn over materials relating to nanopowder. Although the original complaint was based on the employment agreement, the confidentiality and non-compete agreement was filed with the complaint. Thus, Defendant was aware of this document from the commencement of litigation, and has not demonstrated significant prejudice.

## V.  CONCLUSION

For the above reasons, Defendant's motion to strike is DENIED.

IT IS SO ORDERED.


s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated:  April 6, 2007

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on April 6, 2007.


s/Marie E. Verlinde
Case Manager
(810) 984-3290